IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee,<br><br>          *Plaintiffs*,<br>    v.<br><br>OSTRANDER PROPERTIES, LLC, an Iowa limited liability company; and CH AUTO, LLC, an Iowa limited liability company,<br><br>          *Defendants*. | Case No. 19 C 1891<br><br>Honorable<br>District Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr., one of its present trustees, for a cause of action against Defendants allege as follows:

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest

Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Rosemont, Illinois.

## **PARTIES**

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Arthur H. Bunte, Jr. is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Arthur H. Bunte, Jr., are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Ostrander Properties, LLC ("Ostrander") is a limited liability company organized under the laws of the State of Iowa.

8. Defendant CH Auto, LLC ("CH Auto") is a limited liability company organized under the laws of the State of Iowa.

9. Caldwell & Hartung, Inc. ("Caldwell") is a corporation organized under the laws of the State of Iowa.

## **CLAIM FOR RELIEF**

10. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 9 of this Complaint as though fully set forth herein.

11. On or about December 30, 2017, William Ostrander and Joyce Ostrander directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Caldwell.

12. On or about December 30, 2017, William Ostrander and Joyce Ostrander directly or indirectly owned at least 80% of the ownership interest of Ostrander.

13. On or about December 30, 2017, William Ostrander and Joyce Ostrander directly or indirectly owned at least 80% of the ownership interest of CH Auto.

14. On or about December 30, 2017, Caldwell, Ostrander, and CH Auto were a group of trades or businesses under common control (the "Caldwell Controlled Group") and therefore constituted a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

15. The Caldwell Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

16. During all relevant times, Caldwell was bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters under which Caldwell was required to make contributions to the Pension Fund on behalf of certain of its employees.

17. The Pension Fund determined that on or about December 30, 2017, the Caldwell Controlled Group permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383 (the "2017 Withdrawal").

18. As a result of the 2017 Withdrawal, the Pension Fund determined that the Caldwell Controlled Group incurred joint and several withdrawal liability to the Pension Fund in the principal amount of $8,078,465.45, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b) (the "2017 Withdrawal Liability").

19. On or about January 15, 2018, the Caldwell Controlled Group, through Caldwell, received a notice and demand for payment of the 2017 Withdrawal Liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1) (the "Notice and Demand"). The Notice and Demand demanded full payment of the entire amount of the 2017 Withdrawal Liability by February 1, 2018, pursuant to section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), and Appendix E, § 5(e)(2) of the Pension Fund Plan Document. The amount demanded was $8,078,465.45, the balance owed at that time on the 2017 Withdrawal Liability

20. On March 22, 2018, the Pension Fund filed suit against Caldwell in the United States District Court for the Northern District of Illinois in a case entitled *Central States, Southeast and Southwest Areas Pension Fund, et al. v. Caldwell & Hartung, Inc.,* Case No. 18 C 2075, to collect the 2017 Withdrawal Liability, plus interest and statutory damages (the "Lawsuit").

21. On December 13, 2018, a consent judgment was entered in the Lawsuit in favor of the Pension Fund and against Caldwell in the total amount of $10,109,862.90 on account of the 2017 Withdrawal Liability, plus post-judgment interest (the "Judgment").

22. To date, the full amount of the Judgment remains due and owing to the Pension Fund.

23. The Caldwell Controlled Group has failed to make the required 2017 Withdrawal Liability payment to the Pension Fund.

24. Each of the Defendants, as members of the Caldwell Controlled Group, are jointly and severally liable to the Pension Fund for the 2017 Withdrawal Liability.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendants, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

    (i) $8,078,465.45 in withdrawal liability;

    (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

    (iii) an amount equal to the greater of interest on the past due withdrawal liability or liquidated damages of 20% of the past due withdrawal liability; and

    (iv) attorneys' fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established

by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

    (c)    For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

/s/Anthony E. Napoli
Anthony E. Napoli
Attorney for Plaintiffs
Central States Funds
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018-4938
(847) 939-2469
ARDC # 06210910
tnapoli@centralstates.org

March 19, 2019